■ GERTRUDE DIDCHENKO, Respondent, et al., Plaintiff, v. BERNARD FRANZBLAU et al., Appellants.— Judgment unanimously reversed, on the law and the facts, and a new trial ordered, with costs to abide the event. Plaintiff testified that on July 15, 1959, while her car was stopped at an intersection because of a red light, it was struck in the rear by a car driven by defendant Franzblau. Immediately thereafter there was a second impact caused, it is asserted, by a small truck, owned by defendants Goldstein and Field, striking Franzblau's car and causing it to be propelled into the rear of plaintiff's car a second time. As a result of the accident plaintiff claims to have suffered certain injuries, the chief of which was a compression fracture of the 8th and 9th dorsal vertebrae. None of the physicians who treated plaintiff testified at the trial. Plaintiff's only medical witness was an expert who first saw plaintiff on February 10, 1960, and thereafter again in September, 1960, May, 1961 and May, 1962. He testified that an X ray of December 28, 1959, revealed a compression fracture of the 8th and 9th dorsal vertebrae and that an X ray of May

11, 1962, showed practically the same condition. Plaintiff entered Jacobi Hospital on July 22, 1959, and on July 25, 1959, an X ray or X rays were taken of the portion of the spine here involved. Those X rays were not produced at the trial and could not be found. The X-ray report of the missing X-ray film noted osteoarthritic changes in the region of the 8th and 9th intervertebral joint areas — with the narrowing of the body of the vertebrae probably due to developmental process. The conclusion was a "chip fracture of the anterior inferior border of D8 of recent origin." Testimony by the two medical experts for the defendants, one of whom had been shown the missing July 25 X ray, was that there was no evidence of any fresh fracture. An expert from the impartial medical panel, who also viewed the missing X ray, testified it showed compressive changes in D8 and D9 indicating the condition was of old origin, and he disagreed with the report which said there was a chip fracture of recent origin. In view of the sharp conflict in testimony regarding the existence of a fracture and whether the fracture, if any existed, was of recent origin or, as defendants claimed, an old condition, and the missing July 25 X ray, the X-ray plates taken in 1957 at Presbyterian Hospital which was prior to the accident, should have been admitted into evidence. While such plates did not show the existence of the dorsal 8 vertebrae well enough for diagnosis, it is apparent from the expert's testimony (which was stricken) that they did show changes in the dorsal segments, and were clear enough to show the condition of the vertebrae in 1957. There was a sufficient showing of good cause, and in the interests of justice the X rays should have been received and the testimony permitted (New York County Supreme Court Rules, rule 12, subd. 8). There seems to have been some confusion also as to the exact nature and extent of the concession made by the defendants as to liability, which might have misled the parties as to the measure of proof required. It is our view, upon the record here, that the verdict was grossly excessive. Concur — Botein, P. J., Breitel, Rabin, McNally and Stevens, JJ.